# VICENTE FANO, Plff.

*v.*

# FRANCISCO ROBLEDO ET AL., Dfts.

San Juan, Equity, No. 1030.

MOTION TO AMEND BILL OF COMPLAINT IN ACCORDANCE WITH EVIDENCE.

Specific Performance—Specific Decree.

    1. In specific performance, where the contract is in general terms, but the evidence localizes the land in question, the decree, in order to be specific, may individualize the general description, without requiring a separate bill for reformation.

Specific Performance—Map in Pais.

    2. Where the evidence shows the contract was in accordance with a certain map which is not made a part of the contract, the map cannot be used in the description in the decree; but that description may be by reference to roads if necessary to make boundaries clear.

Opinion filed July 27, 1920.

*Mr. H. G. Molina* for plaintiff.

*Messrs. Coll* and *Francis* for defendants.

HAMILTON, Judge, delivered the following opinion:

The case comes up on the motion of plaintiff to amend the prayer of his bill of complaint so as to conform to the description of the property, or so as to reform the contract that it will

conform to the description given in paragraph III. of the bill. This is opposed upon the ground that it will be deciding the question of reformation without giving the defendant any opportunity to be heard, either by proper pleadings or by proper evidence. The situation seems to be this: A contract was entered into, the one now sought to be specifically performed, first stating that the defendants owned a finca called "Las Monjas," composed of 1,414 acres of land at Hato Rey, and that the defendants have sold a portion, to wit: 48.62 acres of this finca, which portion bounds on the north and west the rest of the principal finca; on the east it is bounded by Balasquide and Fano and on the south by Marxuach and González. Now, that is the description. The bill in the case annexes this contract of December 30, 1918, but goes on and describes the property more definitely, as bounded on the north by a road and the rest of the property "Las Monjas," and on the west by another road on said property "Las Monjas" and by a brook, and so on. The answer of the defendants admits paragraph III., so that the parties when they went to trial made no issue whatever of this being a correct description of the property, and the evidence showed it to be a proper description. In fact, the evidence went further and took account of a certain map, which, however, was not brought home to one of the defendants; it was to the agent of the defendants, but not to the defendants. Now, that is the state of the pleadings and of the evidence.

1. There is no doubt in the mind of the court that the parties were contracting about the very property which is mentioned in the bill and in the proposed amendment to the prayer; that seems to be proved. The only question is: Can the court take the additions in the complaint into account when the bill is for

Fano v. Robledo.

specific performance of a certain contract which is annexed? I think so under the facts of this case. The weight of the question is this. The description in the written contract must be supplemented in some way, because the contract says it is 48.62 acres of finca of 1,400 acres, and the north and west are bounded by the rest of the finca. By itself no surveyor could locate that, that is, could locate the boundaries. It does not say how many feet or meters it runs on any side and unless there is something supplementary it would be impossible for the decree to be definite. The decree has got to be specific as well as the performance of the contract, and the only point would be, if this stood alone,—if the contract stood alone,—should it be remedied by a subsequent proceeding, by amendment for reformation, and so on? I do not understand that the object of equity is to continue proceedings. It is to get a result, if it can be fairly got at. Now, if the defendants had replied in their answer to paragraph III. that we do not admit that this is a proper description,—a proper amplification of the description of the contract,—in other words, that we do not admit that it individualizes the general description of the contract, then and there the bill would fail, unless the contract has been reformed. But, then, the answer of the defendant saves proceedings for reformation. What is the use of the plaintiff seeking reformation, saying that the contract should run along, contain certain description, when the defendant says yes, the bill gives the proper construction of the contract? What would be gained? The defendant would simply have a chance to say over again what he has already said. He could not depart from what he has already admitted; so it seems to me that this is not a case for reformation by pleading. Whether the word "refor-

XII. Porto Rico.—4.

Fano v. Robledo.

mation" is precisely the correct one, I am not sure. It is more like an amplification, more a definition, more an individualizing of the general description, than anything else. It occurs to me that this individualization can be done within the pleadings, certainly as amended. Now, that is one thing.

2. The next thing is, how that is to be expressed. The decree cannot run, bounded by certain roads, in any sense that it will give title, that will affect any third party. The contract seems to have been properly, really, in accordance with a map. I am not sure that the map can be used in the decree. At all events, the parties seem to have admitted that it is in accordance with this map. The decree would have to describe the north and western boundaries as being on the strip or strips of land known as a "camino,"—the word "vecinal" is not used even on the map. With such description I do not think anybody would be injured at all. That is the fact of the case. It looks to me as if I will have to allow the amendment to meet evidence on the hearing, and it is ordered that the decree be drawn accordingly.